AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Mississippi

| | |
|---|---|
| United States of America<br>v.<br><br>Jaron Stubbs and Gerald Calhoun<br><br>*Defendant(s)* | Case No.<br>1:15mj501-RHW |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  5/6/14, 9/23/14 & 9/26/14  in the county of  Hancock and Pearl River  in the Southern District of  MS, Southern Division , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess with Intent to Distribute a Controlled Substance, to wit, 50 grams or more of methamphetamine. |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Holly Krantz, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  01/05/2015

_____
*Judge's signature*

City and state:  Gulfport, MS        Robert H. Walker, U.S. Magistrate Judge
*Printed name and title*

AFFIDAVIT

STATE OF MISSISSIPPI
COUNTY OF HARRISON

I, Holly Krantz, being first duly sworn, hereby depose and say that:

1. I, Special Agent Holly Krantz, am a duly sworn special agent with Homeland Security Investigations (HSI.), within the Department of Homeland Security. I am assigned to the Office of the Resident Agent in Charge, Gulfport, Mississippi, and have been employed with HSI since November 2, 2008. Prior to my present employment, I worked in law enforcement for approximately 10 years as the Chief Investigator with the Picayune Police Department in Picayune, Mississippi, a Narcotics Investigator with the Pearl River Basin Narcotic Task Force in Columbia, Mississippi, and a Patrol Officer with the Gulfport Police Department in Gulfport, Mississippi.

2. MBN confidential informant CI 105-2013 contacted MBN Agent Ian Estorffe via cell phone. CI informed Agent Estorffe that he/she could purchase crystal methamphetamine in ICE form from GERALD CALHOUN and JARON STUBBS. CI stated that STUBBS was the individual distributing the ICE but CALHOUN would be the one handing the ICE directly to him/her. CI informed Agent Estorffe that STUBBS would drive CALHOUN from Pearl River County, MS and STUBBS would stay in the vehicle while CALHOUN would come inside his/her residence and transfer the ICE to him/her. CI informed Agent Estorffe that STUBBS is a major distributor of ICE in Pearl River/Hancock County area. CI stated that CALHOUN distributes ICE for STUBBS on a regular basis. CI also stated that STUBBS could be driving a green four door vehicle. CI informed Agent Estorffe that he/she could call CALHOUN on his cell phone 601-▓▓▓▓▓ and they would deliver the ICE within approximately one hour from Pearl River County, MS.

3. On May 06, 2014, MBN, HSI, and Hancock County Sheriff's Department met with CI 105-2013. CI was equipped with a covert video/audio recorder and an audio transmitter and given $1,000.00 in MBN state funds. At approximately 1850 hours, the surveillance team observed a four door green Buick bearing Mississippi license # PTL662 (Registered to a R▓▓ W▓▓▓▓ of ▓▓▓▓▓▓▓▓▓▓▓▓ Picayune, MS) pull

into a residence to meet the CI in the 200 block of ▊▊▊▊▊▊ in Waveland, Mississippi. CALHOUN exited the right front passenger door and entered the residence. A black male, later identified as STUBBS, remained in the driver's seat. CALHOUN sold CI $1,000 worth of crystal methamphetamine. There is an audio/video recording of the transaction between CALHOUN and CI.

4. The crystal methamphetamine (ICE) was sent to the Department of Homeland Security US Customs and Border Protection Laboratories and Scientific Services for testing. Laboratory analysis determined the presence of Methamphetamine Hydrochloride, a scheduled controlled substance (21 CFR 1308) with average purity of 96.3% by weight as is. Net weight received was 13.7 grams and Net weight retained was 13.5 grams.

5. On September 23, 2014, MBN, HSI, and Hancock County Sheriff's Department met with CI 105-2013. CI was equipped with a covert video/audio recorder and an audio transmitter and given $650.00 in MBN state funds. At approximately 1739 CALHOUN met the CI at a residence in the 200 block of ▊▊▊▊▊▊ in Waveland, Mississippi and sold CI $650.00 worth of crystal methamphetamine. The surveillance team witnessed CALHOUN and STUBBS drive by after they left the residence in a black dodge car bearing Louisiana license plate # XVV046 (Registered to A▊▊▊▊ S▊▊▊ of ▊▊▊▊ ▊▊▊▊▊▊, Harvey, Louisiana). STUBBS was driving and CALHOUN was in the passenger seat. There is an audio/video recording of the transaction between CALHOUN and CI.

6. The crystal methamphetamine (ICE) was sent to the Department of Homeland Security US Customs and Border Protection Laboratories and Scientific Services for testing. Laboratory analysis determined the presence of Methamphetamine Hydrochloride, a scheduled controlled substance (21 CFR 1308) with average purity of 87.2% by weight as is. Net weight received was 13.9 grams and Net weight retained was 13.7 grams.

7. On September 26, 2014, MBN and Hancock County Sheriff's Department met with CI 105-2013. CI was equipped with a covert video/audio recorder and an audio transmitter and given $1,300.00 in MBN state funds. At approximately 1745 CALHOUN met the CI at Bill's Quick Stop, located at the intersection of Highway 43 and East Canal Road in Picayune, Mississippi. CALHOUN sold CI $1,300.00 worth of crystal

methamphetamine. The surveillance team witnessed CALHOUN meet with CI in the parking lot of the gas station while STUBBS remained at the vehicle (older model truck) pumping gas. Pictures were later retrieved from the gas station showing CALHOUN walking across the parking lot while STUBBS remained at the truck pumping gas and going inside the gas station. There is an audio/video recording of the transaction between CALHOUN and CI.

8. The crystal methamphetamine (ICE) was sent to the Department of Homeland Security US Customs and Border Protection Laboratories and Scientific Services for testing. Laboratory analysis determined the presence of Methamphetamine Hydrochloride, a scheduled controlled substance (21 CFR 1308) with average purity of 91.2% by weight as is. Net weight received was 27.4 grams and Net weight retained was 27.2 grams.

9. Based on the aforementioned facts and circumstances, your affiant believes there is probable cause that Jaron STUBBS and Gerald CALHOUN have violated Section 846, Title 21, United States Code, conspiracy to possess with intent to distribute 50 grams or more of a detectable amount of crystal methamphetamine.

_____
Holly Krantz, Special Agent
Department of Homeland Security
U.S. Immigration and Customs Enforcement

Sworn and subscribed before me the _____5TH_____ day of January, 2015.

_____
UNITED STATES MAGISTRATE JUDGE