IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JARON STUBBS                                                                              PETITIONER

v.                                                         CRIMINAL NO. 1:15CR7-LG-RHW-1
                                                           CIVIL NO. 1:16CV42-LG

UNITED STATES OF AMERICA                                                              RESPONDENT

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE UNDER 28 U.S.C. § 2255**

THIS CAUSE came before the Court for an evidentiary hearing on June 16, 2016, in connection with the Motion of the defendant, Jaron Stubbs, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. Stubbs seeks to set aside his October 1, 2015, Judgment of Conviction and sentence for violation of 21 U.S.C. § 841. After consideration of the Motion, associated filings in the record, evidence adduced at hearing, and the relevant law, it is the Court's opinion that the Motion should be denied.

FACTS AND PROCEDURAL HISTORY

Stubbs entered a negotiated plea of guilty to a charge of violating 21 U.S.C. § 841(a)(1), possession with intent to distribute methamphetamine. As part of the plea agreement, Stubbs waived his right to appeal the sentence or the manner in which it was imposed. In addition, he waived his right to contest the sentence in a post-conviction proceeding or by § 2255 motion. Stubbs was sentenced to seventy-eight months imprisonment and five years supervised release. He did not appeal.

In this § 2255 Motion, Stubbs alleges he received ineffective assistance of counsel because he instructed retained counsel, Joseph Holloman, to file a notice of appeal, but Holloman did not do so.  Holloman provided an affidavit disputing Stubbs' allegations.  The Government filed a general response, noting the factual dispute presented by the affidavits submitted by Stubbs and his counsel that required resolution by the Court.  The Court appointed the Federal Public Defender to assist Stubbs with the evidentiary hearing.

## DISCUSSION

Stubbs' sole claim in this § 2255 Petition is that he received ineffective assistance of counsel because Holloman did not file a notice of appeal when requested.  A claim that counsel did not file an appeal when requested is per se ineffective assistance of counsel, regardless of whether the right to appeal had been waived.  *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007).  After consideration of matters contained in the record and after hearing the testimony of Stubbs, his former counsel, and his mother, it is the Court's conclusion that neither Stubbs, nor anyone on his behalf, requested that counsel file a notice of appeal.  The Court's reasons were stated into the record at the hearing.

## CONCLUSION

For the reasons stated into the record, the Court finds that the Motion of the defendant pursuant to 28 U.S.C. § 2255 should be denied.  The Federal Public Defender has now fully discharged his duties to the defendant and has no further obligation to the defendant.  Should the defendant wish to appeal this Order, he

may do so pro se.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [62] of the defendant, Jaron Stubbs, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed February 12, 2016, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE